UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| RAYMOND RACEY, | ) |
| :--- | :--- |
| Petitioner, | ) ) ) |
| v. | ) Nos. 3:21-CV-316 |
| | ) 3:14-CR-089 |
| UNITED STATES OF AMERICA, | ) ) |
| Respondent. | ) |

### MEMORANDUM OPINION

Before the Court is Raymond Racey's ("Petitioner's") *pro se* motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. [Doc. 1; Criminal Docket ("Crim.") Doc. 736].[1] The United States has responded in opposition. [Doc. 7]. Petitioner did not file a reply, and the time for doing so has passed. *See* Rule 5(d) of the Rules Governing Section 2255 Proceedings for the United States District Courts; *see also* [Doc. 4]. For the reasons below, Petitioner's § 2255 motion [Doc. 1; Crim. Doc. 736] will be **DENIED**.

I.  **BACKGROUND**

In July 2014, Petitioner and sixteen co-defendants were charged in a nineteen-count indictment pertaining to conspiracy, manufacture, and distribution of 50 grams or more of methamphetamine. [Crim. Doc. 3]. Petitioner was named in three counts. [*See id.*].

---

[1] Document numbers not otherwise specified refer to the civil docket.

On June 4, 2015, Petitioner filed a notice of intent to plead guilty without a plea agreement. [Crim. Doc. 285]. The notice was signed by attorney, Charles Poole. [*Id*.]. On June 11, 2015, the Court held a change of plea hearing. [Crim. Doc. 288]. According to the transcript of the hearing, Petitioner was advised of his rights under Rule 11 of the Fed. Rules of Crim. P., his motion to change his plea was granted, that he pleaded guilty to Counts 1, 2, and 4 of the indictment, and that he was referred for a Presentence Investigation Report ("PSR"). [Crim. Doc. 704].

The PSR calculated a total offense level of 29 and a criminal history category of V, resulting in a guideline range of 140 to 175 months. However, the statutory mandatory minimum sentences were greater than the maximum applicable guideline sentence, so the guideline term of imprisonment was 240 months. [Crim. Doc. 384, ¶ 89].

The government filed a notice of no objections to the PSR. [Crim. Doc. 413]. The government also filed a sentencing memorandum wherein it concurred with the PSR and requested a 240-month term of imprisonment. [Crim Doc. 418]. Petitioner, through counsel, filed a sentencing memorandum, requesting a sentence at the bottom of the advisory guidelines range instead of a sentence of the statutory mandatory minimum. [Crim. Doc. 405]. Petitioner did not file any objections to the PSR.

On October 15, 2015, the Court sentenced Petitioner to a total of 240 months' imprisonment and then ten years of supervised release. [Crim. Doc. 427]. On October 21, 2016, Petitioner filed a motion to vacate his sentence. [Crim. Doc. 527]. On April 24, 2020, the Court vacated Petitioner's sentence and resentenced him to a term of 240 months' imprisonment and then ten years of supervised release. [Crim. Docs. 692 & 693]. Petitioner

appealed the new sentence which was affirmed by the Court of Appeals on August 2, 2021. [Crim. Doc. 731]. Petitioner did not file a petition for writ of certiorari. On August 30, 2021, Petitioner filed the instant § 2255 motion. [Doc. 1; Crim. Doc. 736].

II. **STANDARD OF REVIEW**

Under § 2255(a), a federal prisoner may move to vacate, set aside, or correct his judgment of conviction and sentence if he claims that the sentence was imposed in violation of the Constitution or laws of the United States, that the court lacked jurisdiction to impose the sentence, or that the sentence is in excess of the maximum authorized by law or is otherwise subject to collateral attack. 28 U.S.C. § 2255(a). As a threshold standard, to obtain post-conviction relief under § 2255, the motion must allege: (1) an error of constitutional magnitude; (2) a sentence imposed outside the federal statutory limits; or (3) an error of fact or law so fundamental as to render the entire criminal proceeding invalid. *Mallett v. United States*, 334 F.3d 491, 496-97 (6th Cir. 2003); *Moss v. United States*, 323 F.3d 445, 454 (6th Cir. 2003).

A movant bears the burden of demonstrating an error of constitutional magnitude which had a substantial and injurious effect or influence on the criminal proceedings. *See Reed v. Farley*, 512 U.S. 339, 353 (1994) (noting that the Petitioner had not shown that his ability to present a defense was prejudiced by the alleged constitutional error); *Brecht v. Abrahamson*, 507 U.S. 619, 637-38 (1993) (addressing the harmless-error standard that applies in habeas cases alleging constitutional error). To obtain collateral relief under § 2255, a movant must clear a significantly higher hurdle than would exist on direct appeal. *United States v. Frady*, 456 U.S. 152, 166 (1982).

When a defendant files a § 2255 motion, he must set forth facts which entitle him to relief. *Green v. Wingo*, 454 F.2d 52, 53 (6th Cir. 1972); *O'Malley v. United States*, 285 F.2d 733, 735 (6th Cir. 1961). A movant must prove that he is entitled to relief by a preponderance of evidence. *Pough v. United States*, 442 F.3d 959, 964 (6th Cir. 2006). A motion that merely states general conclusions of law, without substantiating the allegations with facts, is without legal merit. *Loum v. Underwood*, 262 F.2d 866, 867 (6th Cir. 1959); *United States v. Johnson*, 940 F. Supp. 167, 171 (W.D. Tenn. 1996).

Under Rule 8(a) of the Governing Rules, the Court is to review the answer, any transcripts, and records of prior proceedings and any material submitted under Rule 7 to determine whether an evidentiary hearing is warranted. Rules Governing Section 2255 Proceedings, Rule 8(a). If a petitioner presents a factual dispute, then "the habeas court must hold an evidentiary hearing to determine the truth of the petitioner's claims." *Huff v. United States*, 734 F.3d 600, 607 (6th Cir. 2013) (quoting *Valentine v. United States*, 488 F.3d 325, 333 (6th Cir. 2007)). An evidentiary hearing is not required "if the petitioner's allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of facts." *Valentine*, 488 F.3d at 333 (quoting *Arrendondo v. United States*, 178 F.3d 778, 782 (6th Cir. 1999)). The Court **FINDS** no need for an evidentiary hearing in the instant case.

### III. ANALYSIS

Petitioner raises one claim in this § 2255 motion: that the First Step Act, Pub. L. No. 115-391, § 401, 132 Stat. 5194, 5220 (2018), applies to Petitioner which reduced the mandatory minimum sentence and makes the 21 U.S.C. § 851 enhancement for a prior

4

conviction no longer applicable. [Doc. 1; Crim. Doc. 736]. The United States responds that Petitioner is not entitled to relief because the First Step Act only applies to offenses committed before December 21, 2018, "if a sentence for the offense has not been imposed as of such date." [Doc. 7] (internal citations omitted). Because Petitioner had already been sentenced by December 21, 2018, Petitioner is ineligible for relief.

Under Sixth Circuit precedent and the plain language reading of the First Step Act, a petitioner whose sentence was vacated after the Act's enactment is not eligible for relief. The Act applies, prospectively, to all offenses committed after the Act's enactment but, retroactively, "to any offense that was committed before the date of enactment of this Act, if a sentence for the offense has not been imposed as of [that] date." First Step Act, § 401(c), 132 Stat. at 5221; *United States v. Jackson*, 995 F.3d 522, 523 (6th Cir. 2021); *see also Dorsey v. United States*, 567 U.S. 206, 280 (2012). Because Petitioner's offense was committed before the enactment of the Act, and a sentence had been imposed for that offense before the enactment of the Act, Petitioner is not entitled to relief as to this claim. Accordingly, Petitioner's § 2255 motion [Doc. 1; Crim. Doc. 736] will be **DENIED** and **DISMISSED**.

### IV. CONCLUSION

For the reasons above, Petitioner's § 2255 motion [Doc. 1; Crim. Doc. 736] will be **DENIED** and **DISMISSED**.

### V. CERTIFICATE OF APPEALABILITY

Under 28 U.S.C. § 2253(c)(2), the Court must determine whether a certificate of appealability should be granted. A certificate should issue if a petitioner has demonstrated

5
Case 3:14-cr-00089-RLJ-JEM   Document 783   Filed 08/15/22   Page 5 of 6   PageID #: 3828

a "substantial showing of a denial of a constitutional right." *Id.* The district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Murphy v. Ohio*, 263 F.3d 466, 467 (6th Cir. 2001). Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473 (2000). *Id.*

A petitioner whose claims have been rejected on the merits satisfies the requirements of § 2253(c) by showing that jurists of reason would find the assessment of the claims debatable or wrong. *Slack*, 529 U.S. at 484. Having examined Petitioner's claims under the *Slack* standard, the Court finds that reasonable jurists could not find that the dismissal of those claims was debatable or wrong. Therefore, the Court will **DENY** issuance of a certificate of appealability.

A separate judgment will enter.

    **IT IS SO ORDERED.**

ENTER:

s/ Leon Jordan  
United States District Judge

6

Case 3:14-cr-00089-RLJ-JEM    Document 783    Filed 08/15/22    Page 6 of 6    PageID #: 3829